UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| JERRY LEE FAIDLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Court File No. _____ |
| | ) | |
| UNITED PARCEL SERVICE OF AMERICA, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

COMES NOW Defendant United Parcel Service of America, Inc. (hereafter "UPS"), by and through its attorneys, and gives notice that the case of Jerry Lee Faidley v. United Parcel Service of America, Inc., initiated in the Iowa District Court for Polk County on or about February 28, 2014 and assigned cause number LACL129799 has on this 28th day of March, 2014, been removed to the United States District Court for the Southern District of Iowa, Central Division.  As grounds for removal, UPS states:

1.      On February 28, 2014, Jerry Lee Faidley initiated this case by filing a Petition in the Iowa District Court for Polk County in an action titled Jerry Lee Faidley v. United Parcel Service of America, Inc., and there designated as cause number LACL129799.  A Summons and Petition was served on Defendant on or about March 4, 2014.

2.      A copy of the Summons and Petition are attached hereto as Exhibit A.  No further proceedings have been had in this action, nor have any other processes, pleadings or orders been served on UPS.

3.      This notice of removal is filed within 30 days of the serving of Plaintiff's Petition setting forth his claims for relief, and is timely filed under 28 U.S.C. § 1446(b).

4.      This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332, by reason of diversity of citizenship between the parties, in that the only Defendant herein, UPS, is now, and was at the time this action was commenced, diverse in citizenship from Plaintiff.

5.      As of the date of the commencement of this cause and the removal of this cause, Defendant UPS was, and still is, a corporation organized under the laws of the State of Ohio with its principal place of business in Atlanta, Georgia, and is thereby a citizen of the States of Ohio and Georgia.  (Exh. B, Margrave Affidavit, ¶ 3)

6.      Upon information and belief, Plaintiff Jerry Lee Faidley is a citizen and resident of Iowa.  (Exh. A, ¶ 1).

7.      Plaintiff's Petition does not state the specific amount of damages being sought; however, the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.  In his Petition, Plaintiff seeks damages for lost wages and benefits, emotional distress, mental anguish, compensatory relief, punitive damages, and reasonable attorney fees.  (Exh. A, pp. 4-5).

8.      If the amount in controversy is not ascertainable from the face of the pleadings, when deciding the amount in controversy, "…a court must bear in mind that it is the amount or value of that which the complainant seeks to recover, or the sum or value of that which the defendant will lose if the complainant succeeds in his suit, that constitutes the jurisdictional sum or value of the matter in dispute, which tests the jurisdiction." *Feller v. Hartford Life and Acc. Ins. Co.*, 817 F.Supp.2d 1097, 1101 (S.D. Iowa, 2010).

9.      "In terms of the burden of proof the proponent of diversity jurisdiction must prove, Eighth Circuit law holds that a district court has subject matter jurisdiction in a diversity

case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." *Id.  See also Kopp v. Kopp*, 280 F.3d 883 (8th Cir. 2002).

10.     With a preponderance of the evidence and to a legal certainty, Plaintiff is seeking in excess of $75,000 and, therefore, the jurisdictional amount is satisfied.  Plaintiff alleges that as a result of his disability discrimination, constructive discharge and retaliation by Defendant, he suffered lost income, benefits, and emotional distress.  (Exh. A, ¶¶ 24, 32).  In the twelve months prior to Plaintiff's first period of leave that began on or about February 25, 2011, Plaintiff worked 1996.33 straight time hours and 369.26 overtime hours for total wages of $76,566.52.  (Exh. B, ¶ 8).  In addition to these wages, UPS provided Plaintiff with health insurance and other benefits and paid between $607.00 and $695.00 per week into a pension plan for Plaintiff's benefit.  (Exh. B, ¶ 8).

11.     Plaintiff had been on a leave of absence since on or about May 17, 2012 and retired effective October 2, 2013.  (Exh. B, ¶¶ 5, 9).  Considering Plaintiff's compensation package, the other categories of damages sought, and the additional damages that will accrue before any judgment, the $75,000 amount in controversy requirement is clearly satisfied.

12.     Plaintiff currently has another lawsuit pending in the Southern District of Iowa, Central Division, Cause Number 4:13-CV-00029-JAJ-RAW, also alleging disability discrimination and constructive discharge arising from the same continuing set of operative facts that give rise to this new action that is now being removed.  Defendant UPS intends on filing a motion to join these new claims into the initial lawsuit, Cause Number 4:13-CV-00029-JAJ-RAW.

13.     Removal of this action is proper under 28 U.S.C. § 1441.  This is a civil action brought in state court and this Court has original jurisdiction over the action under 28 U.S.C. § 1332, since Plaintiff and Defendant are citizens of different states and the amount of controversy exceeds the sum of $75,000.

14.     Written notice of the filing of this Notice of Removal will be given to Plaintiff's counsel, as required by law.

15.     A true and correct copy of this notice of removal will be filed with the Clerk for the Iowa District Court for Polk County, as required by law.

16.     Attached as Exhibit C to this Notice of Removal is Defendant's Certification Pursuant to Local Rule 81(a).

WHEREFORE, Defendant United Parcel Service of America, Inc., gives notice that the above action initiated in the Iowa District Court for Polk County, is hereby removed to the United States District Court for the Southern District of Iowa, Central Division for the reasons stated above.

Dated:  March 28, 2014                    ARMSTRONG TEASDALE LLP


By:  */s/ Mark G. Jacobs*
     Mark G. Jacobs              #AT0009976
     7700 Forsyth Blvd., Suite 1800
     St. Louis, Missouri 63105
     314.259.4792
     314.613.8515 (facsimile)
     mjacobs@armstrongteasdale.com
     *Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on March 28, 2014, the foregoing was filed electronically with the Clerk of the Court and will be served by U.S. Mail and by operation of the Court's electronic filing system upon the following:

Mark D. Sherinian
Melissa C. Hasso
Sherinian & Hasso Law Firm P.C.
630 Colony Park
3737 Woodland Avenue
West Des Moines, IA 50266
Telephone (515) 224-2079
Facsimile (515) 224-2321
e-mail:  sherinianlaw@msn.com
e-mail:  mhasso@sherinianlaw.com

                               */s/ Mark G. Jacobs*